UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JIMMY ASHLEY,                                                    PLAINTIFF

CASE NO:  3:12-CV-305-SWW/BD

ZAHAROPOULOS PROPERTIES, LLC AND
GRECIAN STEAK HOUSE OF PARAGOULD, INC.                    DEFENDANT

_____

## CONSENT DECREE

An Amended Complaint has been filed by Plaintiff for violation of Title III of the Americans

with Disabilities Act, 42 U.S.C. §12181 *et seq.* ("ADA").  The Complaint seeks injunctive relief

compelling Defendants, Zaharopoulos Properties, Inc.(hereinafter referred to has "ZP") and Grecian

Steak House of Paragould, Inc. (hereinafter referred to as "GSH")  to alter their facilities to make

them readily accessible to the Plaintiff and all other persons with disabilities as defined by the ADA.

The parties and their respective counsel, having consented to the entry of this Decree, agreeing that

such Decree is appropriate, it is therefore, ORDERED AND ADJUDGED, and DECREED as

follows:

### I.       JURISDICTION

This Court has subject jurisdiction over matter and has personal jurisdiction over the parties

to this Consent Decree. The parties agree to be bound by the terms of this Consent Decree and not to

contest its validity in any subsequent proceeding arising from it.

## II.    DEFINITIONS

The following definition shall apply in this Consent Decree: "Standards" means 2010 ADA Standards consisting of both the Title III Regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D.

## III.    RESPONSIBILITIES OF DEFENDANT/WORK PLAN RE: GRECIAN PLAZA

The Defendant ZP agrees to make the following modifications and alterations, pursuant to the 2010 ADA Standards consisting of both the Title III Regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D (hereinafter referred to collectively as the "Standards"), at the Grecian Plaza that is the subject of this action located at 211 North 23rd Street and 2200 Grecian Lane in Paragould, Arkansas (hereinafter "Shopping Center").

A.    ZP shall modify the accessible parking spaces to comply with §208.2 of the 2010 ADA Standards consisting of both the Title III Regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D (hereinafter referred to collectively as the "Standards"). The accessible parking spaces shall comply with the following:

i.    No less than one (1) of the accessible parking spaces provided shall be signed and designated as van accessible for every six (6) accessible parking spaces provided, and shall have a combined width, including the adjacent striped access aisle, of sixteen (16) feet in compliance with §502.2 of the Standards.

ii.    Each accessible parking space shall be no less than eight (8) feet in width and shall have an adjacent striped access aisle no less than five (5) feet in width, except as provided above for van accessible parking in the foregoing paragraph. All accessible parking spaces and adjacent access aisles shall be striped in accordance with §§502.2 and 502.3 of the Standards, as applicable.

iii.    All accessible parking spaces and adjacent access aisles shall be level with slopes no greater than 1:48 (2.083%) in any direction and shall not have built-up curb ramps projecting inside them, in accordance with §502.4 of the

2

Standards.

iv.    ZP shall ensure that each accessible parking space provided is designated as accessible.  The signs shall be mounted so that the bottom of each sign is no less than 60 inches above the ground and centered on the accessible vehicle parking space.    The sign shall include the International Symbol of accessibility in compliance with §703.7.2.1 of the Standards.

**B.**    First Building – 211 North 23rd Street:

i.    ZP shall provide an accessible parking space to the west and contiguous of the westernmost accessible parking space that is currently provided and shall convert the existing accessible parking space to an 8-foot wide striped access aisle.  The newly created accessible parking space shall be signed and designated as a van accessible parking space.

ii.    ZP shall provide a 5-foot wide access aisle adjacent to the easternmost accessible parking space in this area.

iii.    ZP shall provide an additional accessible parking space directly to the east and contiguous of the existing accessible parking space in front of Pretty Nails and shall convert the existing accessible parking space to 5-foot wide striped access aisle.  ZP shall also remove the existing signage provided on the wall and shall provide accessible signage in front of the new accessible parking space compliant with the provisions hereinabove.

**C.**    Second Building – 2200 Grecian Lane

i.    ZP shall provide two (2) additional accessible parking spaces in this area. One of the accessible parking spaces shall be located in front of unit 12 on the North side of the building.  The 5-foot wide adjacent access aisle shall be located adjacent to the existing curb ramp and the 8-foot wide accessible parking space shall be to the west of the access aisle.  ZP shall also provide compliant accessible signage at this parking space designating it as accessible.

ii.    ZP shall provide accessible signage that contains the words "van accessible"

at the accessible parking space in front of Century 21.

iii.    ZP shall relocate the accessible parking space provided on the southeast corner of the building in front of People's Source to the west and shall restripe the existing accessible parking space to be an adjacent access aisle to the relocated accessible parking space. ZP shall also provide accessible signage in front of the relocated accessible parking space.

iv.    ZP shall create an additional 8-foot wide accessible parking space with an adjacent 5-foot wide access aisle located close to the existing curb ramp and the re-located accessible parking space referenced in the previous paragraph.

v.    ZP shall relocate the accessible parking space provided between ATA Martial Arts and Creative Local to the east and contiguous of the existing accessible parking space. ZP shall restripe the existing accessible parking space to be an access aisle and shall provide accessible signage in front of the new accessible parking space.

### IV.

### RESPONSIBILITIES OF DEFENDANT/WORK PLAN RE: GRECIAN STEAK HOUSE

The Defendants ZP and GSH (hereinafter referred to jointly as "Defendants") agree to make the following modifications and alterations, pursuant to the 2010 ADA Standards consisting of both the Title III Regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D (hereinafter referred to collectively as the "Standards"), at the Grecian Steakhouse that is the subject of this action and which is located at 210 Airport Road in Paragould, Arkansas (hereinafter referred to as the "Restaurant")

### A.    PARKING AND INITIAL ACCESS

i.    Defendants shall ensure that each accessible parking space provided is designated as accessible in compliance with §502.6 of the 2010 ADA Standards consisting of both the Title III Regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D (hereinafter referred to collectively as the "Standards"). The signs shall be mounted so that the bottom of each sign is no less than 60 inches above the

4

ground and centered on the accessible vehicle parking space. The sign shall include the International Symbol of accessibility in compliance with §703.7.2.1 of the Standards. The accessible parking space to the right of the entrance of the Restaurant when facing the building shall be signed and designated as "van accessible."

ii.     Defendants shall resurface the curb ramp to ensure that the running slope ratio is no greater than 8.33% in compliance with §405.2 of the Standards.

**B.     INTERIOR ISSUES**

i.     <u>Service Counter:</u>     Defendants shall provide a clipboard at the service counter for use by individuals with disabilities who require an accessible writing surface.

ii.     <u>Women's Toilet Room:</u>

a.     Defendants shall post signage containing the international symbol of accessibility, raised characters and Braille at the women's toilet room. Said signage shall be posted on the toilet room entry door with baselines of the tactile characters measuring between 48 and 60 inches above the finished floor and shall fully comply with §703 of the Standards.

b.     Defendants shall adjust the door closer to ensure that it requires no more than 5 pounds of force to open. Defendants shall also ensure that the closer has a "delayed action" feature and that the sweep period of the closer is adjusted such that the leading edge of the door takes no less than 5 seconds to move from an open position of 90 degrees to a position 12 degrees from the latch in compliance with §§404.2.8 and 404.2.9 of the Standards.

c.     Defendants shall ensure the two (2) side grab bars in the accessible stall toilet stall are no less than 42 inches in length.

d.     Defendants shall provide a mirror above the accessible lavatory mounted so that its lowest reflective edge is no higher than 40 inches above the finished floor in compliance with §603.3 of the Standards.

e.   Defendants shall provide a soap dispenser at the accessible lavatory mounted no higher than 48 inches above the finished floor. If the reach is more than 20 inches, then the height of the soap dispenser shall be no higher than 44 inches above the finished floor.

iii.   Men's Toilet Room:

a.   Defendants shall post signage containing the international symbol of accessibility, raised characters and Braille at the men's toilet room. Said signage shall be posted on the toilet room entry door with baselines of the tactile characters measuring between 48 and 60 inches above the finished floor and shall fully comply with §703 of the Standards.

b.   Defendants shall relocate the hand dryer to the wall between the accessible stall and the lavatories out of the path of travel mounted no higher than 48 inches above the finished floor.

c.   Defendants shall lower the paper towel dispenser so that its highest operable part is no higher than 48 inches above the finished floor.

d.   Defendants shall lower one urinal to ensure that the rim measures no higher than 17 inches above the finished floor and the flush control is no higher than 44 inches above the finished floor in compliance with §§605.2 and 605.4 of the Standards. In lieu of lowering the flush valve. Defendants may install an automatic flush sensor.

e.   Defendants shall ensure the two (2) side grab bars in the accessible stall toilet stall are no less than 42 inches in length.

## V.   RESPONSIBILITY OF PLAINTIFF

Plaintiff's representatives shall be provided reasonable access to the Shopping Center and Restaurant to verify completion of the above referred-to work on a date mutually agreed to by the parties, to the extent such verification is necessary following review of the digital photographs documenting completion to be provided by Defendants.

6

## VI.    COMPLETION

The Defendants agree to complete all alterations and modifications to the Shopping Center and Restaurant referenced herein on or before August 1, 2013 after the entry of this Consent Decree. The Defendants shall notify Plaintiff upon completion of the agreed modifications. Plaintiff shall be provided reasonable access to the Shopping Center and Restaurant to verify completion of the above-referenced work. Defendants shall provide digital photographs depicting completion of the agreed modifications to potentially obviate the need for a post-completion inspection. Upon completion of the modifications contained herein, Defendants shall have complied with the ADA at the subject property to the extent readily achievable.

## VII.    ATTORNEY'S FEES, EXPERT WITNESS FEES AND LITIGATION EXPENSES

The parties shall negotiate in good faith to resolve the issue of reasonable fees and expenses due Plaintiff's counsel. If no agreement is reached on this issue, Plaintiff shall submit a fee petition for the Court's consideration of this issue within fourteen (14) days from the date of this order. Defendant shall have an opportunity to respond within fourteen (14) days of service of said petition. If the parties fail to resolve this issue among themselves and this Court hereby retains jurisdiction to decide this issue as provided herein.

If any action or proceeding is commenced with regard to the subject matter of this Decree, then the prevailing party in such action or proceeding shall be entitled to have its reasonable attorney's fees and costs incurred in said action or proceeding promptly reimbursed by the non-prevailing party.

## VIII.   CONTINUING OBLIGATION

It is the intention of the parties that, if the Shopping Center and Restaurant are sold or transferred prior to the completion of all the obligations set forth herein, any purchaser or successor in interest shall be required to undertake all of the obligations as set forth herein

## IX.   PARTIES BOUND

This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective officers, directors, agents, successors and assigns. The parties shall perform their obligations under this Consent Decree in good faith.

## X.   ADMISSIBILITY OF CONSENT DECREE

The parties have entered into this Consent Decree with the express understanding that it is the product of settlement negotiations. The Court expressly finds that the parties participated in these negotiations and have executed this Consent Decree in good faith.

## XI.   WRITTEN NOTICE

Each notice ("Notice") provided for under this Consent Decree must comply with the requirements of this Section.  Each Notice shall be in writing and sent by depositing it with a nationally recognized overnight courier service which obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided.  Each Notice shall be effective upon being so deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt.  Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent.  Any party shall have the right from time to time to change the

address or individual's attention to which notices to it shall be sent by giving to the other party at

least ten (10) days prior notice thereof.  The parties' addresses for providing Notices hereunder shall

be as follows:

**Plaintiff:**

Edward I. Zwilling, Esq.
Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama, 35216
Telephone: (205) 822-2701
Facsimile:  (205) 822-2702
Email:  ezwilling@szalaw.com

**Defendant:**

John R. Zaharopoulos, Esq.
Counsel for Defendant
PO Box 10444
Fayetteville, Arkansas 72703
Telephone: (479) 445-6295
Email:  john@justiceforarkansas.com

      **IN WITNESS WHEREOF,** the parties have hereunto signed their names on the day and

year written below.

/s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Attorney for Plaintiff
Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama, 35216
Telephone: (205) 822-2701
Facsimile:  (205) 822-2702
Email:  ezwilling@szalaw.com

/s/ John R. Zaharopoulos
John R. Zaharopoulos, Esq.
Counsel for Defendant
PO Box 10444
Fayetteville, Arkansas 72703
Telephone: (479) 445-6295
Email:  john@justiceforarkansas.com

      JUDGMENT IS HEREBY ORDERED in accordance with the foregoing Consent Decree.

DONE AND ORDERED in Chambers this ___5th___ day of April, 2013.

UNITED STATES DISTRICT JUDGE

**Conformed copies to:**
Counsel of Record