IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| JIMMY ASHLEY | * |
| | * |
| Plaintiff | * |
| | * |
| V. | * |
| | *   NO: 3:12CV00305 SWW |
| ZAHAROPOULOS PROPERTIES, | * |
| LLC and GRECIAN STEAK HOUSE | * |
| OF PARAGOULD, INC. | * |
| | |
| Defendants | |

## ORDER

Plaintiff Jimmy Ashley ("Ashley") commenced this action pursuant to Title III of the Americans with Disabilities Act (the "ADA"). The parties settled, and the Court entered a consent decree and judgment on April 5, 2013. Now before the Court is Ashley's motion for attorney's fees, costs, and expert fees (ECF No. 12); Defendants' response in opposition (ECF Nos. 13, 14); and Ashley's reply (ECF No. 15, Ex. #1). After careful consideration, and for reasons the follow, Ashley's motion is granted in part and denied in part. Ashley is awarded attorney's fees in the amount of $9,810, and his requests for costs and expert fees are denied.

Ashley commenced this action under Title III of the ADA, which prohibits disability-based discrimination in places of public accommodation. The subject places of public accommodation are the Grecian Steak House and the Grecian Plaza, which are owned by Defendants, and Ashley sought injunctive relief compelling Defendants to make the properties readily accessible to him and other wheelchair users. Initially, Ashley filed two separate lawsuits, one for each subject property, but when it became apparent that the properties were related and had common owners, the cases were consolidated. As requested by the parties, on

April 5, 2013, the Court entered a consent decree and judgment in this case. Ashley now seeks $10,627.50 in attorney's fees, $2,228.34 in costs, and $5,800 in expert fees.

## Attorney's Fees

Ashley seeks $10,627.50 in attorney fees based on 32.7 hours expended at an hourly rate of $325. Defendants oppose the requested award. They urge the Court to award zero fees on the ground that a pre-suit letter seeking voluntary compliance would have achieved the same results obtained through filing this lawsuit.

Pete Zaharopoulos is the managing member of Defendant Zaharopoulos Properties, LLC and the president of Defendant Grecian Steak House of Paragould, Inc. He testifies that if Ashley had alerted him regarding accessibility problems before he initiated this lawsuit, he would have immediately addressed Ashley's grievances. Zaharopoulos further states that he allowed Ashley's expert to inspect the subject properties, and he has completed each of the expert's suggested modifications, which required expenditures totaling approximately $1,500.

Defendants contend that awarding attorney's fees and costs in this case would be a miscarriage of justice and would only serve to encourage ADA litigation abuse. Defendants contend that Plaintiff's counsel is participating in a "cottage industry" that has been described as follows:

> The scheme is simple: An unscrupulous law firm sends a disabled individual to as many businesses as possible in order to have him or her aggressively seek out all violations of the ADA. Then, rather than simply informing a business of the violations and attempting to remedy through 'conciliation and voluntary compliance', a lawsuit is filed[.] Faced with costly litigation and a potentially drastic judgment against them, most businesses quickly settle.

*Doran v. Del Taco, Inc.*, 373 F. Supp. 2d 1028, 1030 (C.D. Cal. 2005). Defendants argue that if counsel is awarded fees and costs in this case it will only serve to reinforce and embolden

attorneys to engage in litigation abuse.  They ask the Court to award Plaintiff nothing, "thereby striking a blow against the further denigration of both a noble law and the legal profession." ECF NO. 14, at 7.

The provision of the ADA providing a right of action to persons seeking to compel compliance by a place of public accommodation does not require notice or attempted conciliation before a lawsuit is filed.  *See* 42 U.S.C. § 12188(a)(1).  The Court declines to engraft such a requirement onto the ADA and will apply the statute's provisions as written.

The ADA provides:  "In any action or administrative proceeding pursuant to [the ADA], the court or agency, in its discretion, may allow a prevailing party ... a reasonable attorney's fee, including litigation expenses, and costs."  42 U.S.C. § 12205.  The ADA also provides that the powers, remedies, and procedures set forth under Title VII, which include a provision for reasonable attorney's fees to prevailing parties, shall apply to actions under the ADA.  *See* 42 U.S.C. § 12117(a).  Furthermore, the parties' consent decree permits a fee petition--it provides that the parties shall negotiate in good faith to resolve the issue of reasonable fees and expenses, and if no agreement is reached, Ashley shall submit a fee petition for the Court's consideration. Ashley has obtained the relief sought in the complaint, and Defendants do not dispute that he is the prevailing party in this case.  Accordingly, the Court finds that Ashley qualifies as a prevailing party entitled to an attorney's fee award.

In this Circuit, the procedure used for determining an attorney's fee award is to compute the base "lodestar" figure by multiplying the number of hours reasonably expended by reasonable hourly rates.  *See Fish v. St. Cloud State University,* 295 F.3d 849, 851 (8th Cir. 2002). The fee applicant bears the burden of establishing entitlement to an award and documenting the

appropriate hours expended, and a prevailing plaintiff who obtains injunctive relief "may recover a fee award based on all hours reasonably expended if the relief obtained justified that expenditure of attorney time." *Hensley v. Eckerhart,* 461 U.S. 424, 435-436, 103 S.Ct. 1933, 1940 - 1941 (1983)(emphasis added).

*Reasonable Hourly Rate*. "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Id*.(citing *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001)). The "requested rates [should be] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11, 104 S. Ct. 1541, 1547-48 n.11 (1984). Factors particularly relevant in determining a reasonable rate include the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained. *Pennsylvania v. Delaware Valley Citizens Council*, 478 U.S. 546, 565, 106 S. Ct. 3088, 3098 (1986).

Here, the requested hourly rate is $325. Ashley's counsel of record, Edward I. Zwilling, an attorney from Alabama, testifies by affidavit that he has practiced law since 1992. Zwilling states that for the past ten years, he has dedicated the majority of his practice to representing individuals with disabilities, and he has represented plaintiffs in ADA cases filed across the nation. Zwilling reports that he recently began charging $325 per hour for his services; however, he concedes that his clients have routinely received attorney fee awards based on an hourly rate of $285, never $325.

The requested rate is similar to those recently deemed reasonable by this Court in a multi-plaintiff, complicated, and protracted civil rights case. *See Bennett v. Nucor Corp*., No.

3:04CV00291 SWW, 2012 WL 3962459, *4 (awarding attorney fees based on hourly rates of $375 and $350).  This case, however, did not present novel or complex issues, and resolution of the dispute was relatively easy.   Given these circumstances, the Court finds that an hourly rate of $300 is more within the  bounds of reasonable rate for this local market.

*Hours Reasonably Expended.*  "The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.  Where documentation of hours is inadequate, the district court may reduce the award accordingly."  *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1439 (1983).  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  *Id*.

Defendants report that Zwilling has filed forty-eight cases in the Eastern District of Arkansas, thirty-one of which include Ashley as the plaintiff.   According to Defendants, a review of documents filed by Zwilling in other cases shows that he uses  "canned" forms and templates that allow for maximum efficiency.  Defendants assert that Zwilling's used of "canned" forms "makes his claim of 32.7 hours spent on this case . . . baffling."  ECF No. 14, at 7.

Ashley's original and amended complaints, the consent decree, and his motion for attorney's fees focus on matters that are specific to this case, particularly the subject properties, and the Court disagrees the filings are "canned."   Defendants voice no additional objections regarding Zwilling's time entries, and the Court finds that the time recorded was reasonably expended and justified by the relief obtained.   Accordingly, the Court will award attorney's fees for 32.7 hours at an hourly rate of $300, for a total award of $9,810.

**Costs**

Rule 54(d) of the Federal Rules of Civil Procedure "codifies the presumption that ... costs will be awarded to prevailing parties." *Police Retirement Sys. v. Midwest Inv. Advisory* Serv., 940 F.2d 351, 358-59 (8th Cir. 1991). Rule 54(d)(1) provides that a prevailing party shall be allowed costs, other than attorney fees, unless otherwise directed by the court or unless a federal statute or other rules provide for costs. Title 28 U.S.C. § 1920 defines the expenses that may be taxed as costs under Rule 54(d)(1). These include (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under [28 U.S.C. § 1923]; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

Ashley seeks reimbursement of costs in the amount of $2,228.34. However, the records provided record costs exceeding $2,228.34, Ashley does not indicate which costs he seeks to recover, and a portion of the items listed, such as "Rule 11 investigation," are not recoverable. Because it is impossible to decipher which expense items listed on the billing records are claimed, the Court will deny the request for costs.

**Expert Fees**

Finally, Ashley seeks reimbursement of expert fees totaling $5,800. Billing records related to the Grecian Plaza list expenses of $3,200 for "Export (sic) Report (travel, site survey, report preparation, etc.: 16 hours)," and the Grecian Steak House records list $2,600 in expenses for "Export (sic) Report (travel, site survey, report preparation, etc.: 13 hours)."

Zaharopoulos testifies that Ashley's expert was present at the subject properties for two hours, and Defendants express disbelief that the expert reasonably expended twenty-seven hours preparing reports. Ashley responds:

> While Defendant may have . . . only spent 2 hours with Plaintiff's expert at the site inspections, Defendant was not present with Plaintiff's expert when he traveled to and from Arkansas, drafted his report, prepared CAD drawings to illustrate his recommendations, inserted the citations to appropriate ADA Standards, referenced the appropriate photographs depicting the existing conditions, referenced the appropriate figures and diagrams, and researched the cost of remediation as necessary to completely compile his report. Simply put, Defendant has made no reasonable argument to bring any of Plaintiff's time or expense entries into question.

ECF 15, Ex. 1, at 8.

In addition to attorney's fees and costs, the ADA provides that a court, in its discretion, may allow a prevailing party "litigation expenses," *see* 42 U.S.C. § 12205, and courts have held that this reference to "litigation expenses" embraces the fees of non-testifying experts. *See Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir.2002) (holding that "litigation expenses" encompasses expert fees); *see also Shepard v. Honda of Am. Mfg., Inc.*, 160 F. Supp. 2d 860, 875-76 (S.D. Ohio 2001)(awarding expert fees to prevailing ADA plaintiff). Even assuming that the Court has discretion to award expert fees in this case, the fee petition must provide enough detail to allow the Court to determine whether the hours claimed are reasonable for the work performed and that the rate charged is reasonable. Here, the scant information submitted provides no basis for the Court to determine whether the expert fees requested are reasonable. The Court therefore declines to tax Defendants $5,800 in expert fees.

IT IS THEREFORE ORDERED that Plaintiff's motion for attorney's fees, expert fees, and costs is GRANTED IN PART AND DENIED IN PART. Plaintiff is awarded $9,810 in

attorney's fees, but costs and expert fees are denied for the reasons stated in this order.

IT IS SO ORDERED THIS 8TH  DAY OF JULY, 2013.

/s/Susan Webber Wright<br>UNITED STATES DISTRICT JUDGE